The Honorable James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>KENAN DEJUAN BROWN,<br><br>Defendant. | NO. CR24-066 JLR<br><br>GOVERNMENT'S SENTENCING MEMORANDUM<br><br>Sentencing: September 9, 2025, at 11:00 a.m. |

On October 20, 2023, having been previously convicted of multiple felonies, including one felony from the Western District of Washington, and knowing he was prohibited from possessing firearms, Kenan Brown was found, once again, in possession of a firearm. On that date, members of the Seattle Police Department found Brown behind the steering wheel of a vehicle that was off the roadway. Inside Brown's jacket pocket was a loaded, semi-automatic Glock 9mm pistol equipped with an extended magazine loaded with 21 cartridges.

Considering the seriousness of the Brown's conduct, his background and characteristics, and the statutory sentencing factors, this Court should impose a 60-month sentence to be followed by three years of supervised release.

Government's Sentencing Memorandum - 1
*United States v. Kenan Brown* – CR24-066 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## I.     FACTUAL BACKGROUND

On October 20, 2023, an individual called 911 after hearing a noise and seeing a vehicle collide with a tree near the caller's residence. Presentence Investigation Report ("PSR") ¶ 7. Seattle Police Department officers responded to the 911 call. When they arrived, they saw a Chrysler 300 off of the roadway and in contact with a tree, consistent with the report of the 911 caller. *Id*. Kenan Dejuan Brown was seated in the driver's seat of the Chrysler. *Id*.

The officers spoke with Brown, but he had a difficult time answering the officers' questions. *Id*. ¶ 8. Brown was able to provide the officers with his name and date of birth before he appeared to lose consciousness. *Id*. While the officers tried to wake Brown, one officer observed what appeared to be the handle of a handgun in the pocket of Brown's jacket. *Id*. The officers ran Brown's information and learned that he had previously been convicted of a felony, making him ineligible to possess firearms. *Id*.

Additional officers arrived on scene to assist. *Id*. ¶ 9. The officers then approached the vehicle again to take Brown into custody. *Id*. While taking Brown into custody, an officer removed the handgun from Brown's jacket. *Id*. ¶ 10. The handgun recovered from Brown was a semi-automatic Glock 19 with an extended magazine. *Id*. The extended magazine was loaded with 21 unfired cartridges. *Id*. An additional cartridge was chambered in the handgun. *Id*.

Prior to Brown's possession of the Glock 19 semi-automatic handgun on October 20, 2023, Brown knew he had been convicted of multiple felonies punishable by a term of imprisonment exceeding one year, including *Felon in Possession of a Firearm,* in the Western District of Washington; *Assault in the Third Degree-Domestic Violence,* in King County Superior Court; *Domestic Violence Felony Violation of Court Order,* in King County Superior Court; *Domestic Violence Court Order Violation*, in Kitsap County

Government's Sentencing Memorandum - 2
*United States v. Kenan Brown* – CR24-066 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Superior Court; and *Unlawful Possession of a Firearm*, in Kitsap County Superior Court. Dkt. 20, ¶ 8(h).

## II. PROCEDURAL POSTURE

On April 10, 2024, the grand jury returned a one-count indictment charging Brown with *Unlawful Possession of a Firearm*, in violation of Title 18, United States Code, Section 922(g)(1). Dkt. 3.

Brown made his initial appearance on this matter on September 26, 2024, and entered a plea of not guilty. Dkt. 10.

On February 14, 2025, Brown entered a plea of guilty to *Unlawful Possession of a Firearm,* in violation of Title 18, United States Code, Section 922(g)(1). Dkt. 18.

## III. STATUTORY PENALTIES

The offense of *Unlawful Possession of a Firearm* is punishable by a maximum term of imprisonment 15 years. PSR ¶ 112. The maximum fine is $250,000, and the offense carries a special assessment of $100. *Id*. ¶¶ 119, 120. A court may may impose a term of supervised release of not more than three years. *Id*. ¶ 115.

## IV. SENTENCING GUIDELINES CALCULATION

The government agrees with United States Probation's criminal history computation. Brown's criminal history score is a 19. PSR ¶ 49. Because Brown committed the instant offense while under a criminal justice sentence, one additional point is added. *Id*. ¶ 50. With a criminal history score of 20, Brown's Criminal History Category is VI. *Id*. ¶ 51.

Brown's Base Offense Level for *Unlawful Possession of a Firearm* equipped with an extended magazine is 20. *Id.* ¶ 16. Because Brown demonstrated acceptance of responsibility and provided timely notification to the government of his intent to enter a plea of guilty, he should receive a three-level decrease. *Id.* ¶¶ 23-24. As such, Brown's total offense level is 17, making his Sentencing Guidelines range 51 to 63 months of

Government's Sentencing Memorandum - 3
*United States v. Kenan Brown* – CR24-066 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

imprisonment. *Id.* ¶ 113.

## V. FACTORS RELATED TO SENTENCING RECOMMENDATION

In sentencing the defendant, the Court considers not only the advisory sentencing range calculated under the United States Sentencing Guidelines, but also the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records.

## VI. SENTENCING RECOMMENDATION

The United States respectfully joins United States Probation in recommending the Court sentence Brown to 60 months of imprisonment to be followed by three years of supervised release with the proposed conditions set forth in the presentence report. The 18 U.S.C. § 3553(a) factors support this sentence, including, most prominently, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and protect the public; and the need to provide the defendant with treatment in the most effective manner.

a. <u>Nature and Circumstance of the Offense</u>

Brown's offense was extremely serious. Despite being prohibited from possessing firearms as a result of multiple prior convictions—including violent offenses and firearm

Government's Sentencing Memorandum - 4
*United States v. Kenan Brown* – CR24-066 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

possession offenses—Brown knowingly possessed a firearm yet again. Making the offense more concerning is the fact that the firearm was loaded with a round chambered. Moreover, the handgun was equipped with an extended, high-capacity magazine with 21 cartridges. Additionally, Brown was apparently under the influence at the time he was found in possession of the loaded firearm. PSR ¶¶ 96-100.

Brown's possession of a loaded handgun with a high-capacity magazine is of particular concern and warrants an appropriate sentence.

          b.      <u>History and Characteristics of the Defendant</u>

Brown's history and characteristics support the government's recommendation too.

Brown's parents separated before he was born. PSR ¶ 66. As a young child, he had limited contact with his mother and no relationship with his father, who was incarcerated. *Id*. Fortunately, he had grandparents who cared for him and provided for him. *Id*. Brown's brother characterized their grandparents as "very good providers," and they appear to have provided structure to Brown's life. *Id*. ¶¶ 66, 79. During his childhood, he received a mental health intervention when he was diagnosed with attention deficit hyperactivity disorder, for which he was prescribed medication. *Id*. ¶ 88. Brown refused to take the medication prescribed. *Id*. Despite having his grandparents in his life, Brown removed himself from their stewardship and reconnected with his mother, who was abusing drugs at the time. *Id*. ¶ 67. Brown began experimenting with controlled substances himself around this time. *Id*. ¶ 96.

Not long after Brown left his grandparent's home, he was convicted of his first crime in juvenile court. Since then, Brown has committed numerous offenses, many of which are for violence crimes, unlawfully possessing firearms, using firearms, and threatening to use firearms. *Id*. ¶¶ 27-48. For example, in 2001, Brown was convicted of unlawfully possessing a firearm and vehicle prowling. *Id*. ¶ 31. That case, Brown was

Government's Sentencing Memorandum - 5
*United States v. Kenan Brown* – CR24-066 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

stopped after a person interrupted a vehicle prowl. An officer found a single-shot sawed-off shotgun inside the vehicle Brown was stopped in.

The follow year, Brown was charged with robbery for his role in the taking of a vehicle by force. *Id*. ¶ 32. In that incident, one of the victims said Brown put a gun to her head and demanded the keys to the vehicle. Brown was convicted of rendering criminal assistance.

A year later, in 2003, Brown was contacted by law enforcement for an into Brown's use of a false identification. *Id*. ¶ 34. When Brown was arrested, he was found in possession of a firearm.

In 2012, Brown was convicted of third-degree assault. *Id*. ¶ 42. In that case, Brown repeatedly threatened his then girlfriend. She reported he previously pulled a handgun on her and threatened to kill her.

Three years later, in 2015, Brown as convicted of domestic violence harassment. *Id*. ¶ 43. According to court records, Brown threatened to beat of the victim with his fists and a gun. The victim further reported that Brown threatened to shoot her and had a gun in his lap when he did so.

In 2016, Brown was convicted of *Felon in Possession of a Firearm* in the Western District of Washington. *Id*. ¶ 44. In that case, Brown was again found in possession of a firearm, this time after police were called when a witness reported seeing Brown possibly fire a handgun.

In 2022, Brown again unlawfully possessed a firearm. *Id*. ¶ 48. In that case, Brown was arrested on a warrant. A search of his person revealed he was in possession of a Polymer .40 caliber handgun.

The government recognizes Brown experienced a difficult childhood and that his childhood provides mitigation to this offense. But he had grandparents who provided for him, provided structure to his life, and connected him with services when issues, such as

Government's Sentencing Memorandum - 6
*United States v. Kenan Brown* – CR24-066 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

his mental health, arose. And the government cannot ignore that Brown has repeatedly committed offenses throughout his life, many of which are firearms-related, despite repeated criminal justice interventions. The government believes it's recommended sentence appropriately accounts for the entirety of Brown's history and characteristics.

        c.    <u>The Need for the Sentence to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, and Protect the Public</u>

The government's recommended sentence would result in a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides a just punishment while protecting the public from Brown.

Brown's lengthy criminal history and his disregard for the law, despite receiving numerous lengthy sentences, appears to have had little deterrent effect on Brown. Nonetheless, a sentence of 60 months of imprisonment to be followed by three years of supervised release would result in a sentence that appropriately reflects the seriousness of the offense. Such a sentence would promote respect for the law, if not from Brown, for others, and it will result in a just sentence under the circumstances. Moreover, it will protect the public from Brown while he is incarcerated.

        d.    <u>The Need to Provide the Defendant with Treatment in the Most Effective Manner</u>

Based on the Presence Investigation Report, Brown would benefit from continued substance abuse treatment as well as mental health treatment. See PSR ¶¶ 88-100. Brown's abuse of substances can be traced to his pre-teen years. Brown has received substance abuse treatment previously, including in-patient treatment through American Behavioral Health Services, but it has not had an appreciable impact on his use of intoxicants. Substance abuse treatment will be necessary for Brown to successfully reintegrate into society, and for him to accomplish his goals of reconnecting with his

Government's Sentencing Memorandum - 7
*United States v. Kenan Brown* – CR24-066 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

family and forming lasting connections with new members of his family. Supervised release can provide the structure and support Brown will need for successful engagement in substance abuse and mental health treatment, if Brown commits himself to the treatment.

The government's recommended is one that accounts for all of the § 3553(a) factors and results in a sentence that is sufficient by not greater than necessary. It also results in a sentence that is just.

## VII.   CONCLUSION

The government respectfully joins United States Probation in recommending a sentence of 60 months of imprisonment to be followed by three years of supervised release with the conditions recommended by United States Probation.

DATED this 2nd day of September, 2025.

Respectfully submitted,

TEAL LUTHY MILLER
Acting United States Attorney

*s/ Brian J. Wynne*
BRIAN J. WYNNE
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone:   (206) 553-2268
Fax:         (206) 553-4659
E-mail:      Brian.Wynne@usdoj.gov

Government's Sentencing Memorandum - 8
United States v. Kenan Brown – CR24-066 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970